IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LABORERS' PENSION FUND and ) | | |
| LABORERS' WELFARE FUND OF THE ) | | |
| HEALTH AND WELFARE DEPARTMENT ) | | |
| OF THE CONSTRUCTION AND GENERAL ) | | |
| LABORERS' DISTRICT COUNCIL OF ) | | |
| CHICAGO AND VICINITY, and JAMES S. ) | | |
| JORGENSEN, Administrator of the Funds, ) | | |
| ) | | |
| Plaintiffs, ) | | |
| ) | | |
| v. ) | Case No. 11 C 3310 | |
| ) | | |
| WATER'S EDGE TECHNOLOGY, LLC, and ) | Judge Chang | |
| STEVEN L. SLAW, doing business as ) | | |
| WATER'S EDGE TECHNOLOGY, LLC. and, ) | | |
| GARY DEATON, individually doing business as ) | | |
| WATER'S EDGE TECHNOLOGY, LLC. ) | | |
| ) | | |
| Defendants. ) | | |

## PLAINTIFFS' MOTION FOR DAMAGES

Plaintiffs, Laborers' Pension Fund and Laborers' Welfare Fund of the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity (collectively the "Funds"), and James S. Jorgensen, by their attorneys, state:

1.  On May 17, 2011, plaintiffs filed a complaint under Section 301(a), Labor Management Relations Act, 29 U.S.C. §185(a), as amended, and Section 502(a)(3) of the Employee Retirement Income Security Act, 29 U.S.C. §1132(a)(3), as amended, alleging that at all material times the defendants have an obligation, arising from a collective bargaining agreement to make contributions to plaintiffs' Funds and to submit to an audit upon demand.

2.  In attempting to serve the complaint filed on May 17, 2011, plaintiffs became aware that Gary Deaton was the individual operating Water's Edge Technology, LLC (the "Company" or "Water's Edge") from individuals in the industry who hired Water's Edge to perform

construction work. Based in part on this information, on July 19, 2011 plaintiffs' filed a First Amended Complaint adding Mr. Deaton as a defendant.

3. On August 2, 2011, plaintiffs' special process server, Larry Bunge personally served a copy of plaintiffs' First Amended Complaint upon Gary Deaton at his residence, located at 378 South Prospect Avenue, Bartlett, Illinois 60103. A copy of the return of service is hereto attached as Exhibit 1.

4. On October 27, 2011, this court entered a default judgment against defendants Water's Edge Technology, LLC and Gary Deaton as well as an order compelling an audit of the Company's books and records for the period from November 4, 2010 to the present. A copy of the Order of Default is attached hereto as Exhibit 2.

4. On November 13, 2011, plaintiffs' special process server, Larry Bunge, served a copy of the Court's October 27, 2011 order upon whom was later confirmed to be Mr. Deaton's wife at the Deaton residence, located at 378 South Prospect Avenue, Bartlett, Illinois 60103. A copy of Mr. Bunge's Affidavit of Service is attached here to as Exhibit 3.

4. On December 15, 2011, this court entered an order for Mr. Deaton to appear before the court on January 12, 2012 to show cause why he should not be held in contempt of court for failing to comply with the court's order entered on October 27, 2011. A copy of the Order to Appear is attached hereto as Exhibit 4.

5. On January 5, 2012, plaintiffs' special process server Larry Bunge attempted to serve the Order to Appear upon Gary Deaton at the Company's business address, 32 W 273 Army Trail Rd., Suite 100B, Wayne, IL 60184. This attempt at service was unsuccessful. Thereafter, on January 7, 2012, and again on January 8, 2012, Mr. Bunge attempted to serve the Order to Appear upon Mr. Deaton at his residence, located at 378 South Prospect Ave, Bartlett, Illinois 60103. These attempts

were also unsuccessful. A copy of Mr. Bunge's Affidavit of Non-Service is attached hereto as Exhibit 5.

6. Mr. Deaton failed to appear on January 12, 2012. Consequently, on January 12, 2012, this court entered a minute order directing Mr. Deaton to appear on February 2, 2012 to show cause why he should not be held in contempt of court for failing to comply with the order entered on October 27, 2011. A copy of the minute entry is attached hereto as Exhibit 6.

7. On January 18, 2012, plaintiffs' special process server John Verstat attempted to serve plaintiffs' Motion for Default and to Compel an Audit; the court's order entered on October 27, 2011; plaintiffs' Motion for Rule to Show Cause; the Order to Appear entered on December 15, 2011; and the court's minute entry entered on January 12, 2012 upon Mr. Deaton at his residence, located at 378 South Prospect Ave, Bartlett, Illinois 60103. Mr. Verstat's attempt at service was unsuccessful. Mr. Verstat's Affidavit of Non-Service is attached hereto as Exhibit 7. Mr. Deaton did not appear before this court on February 2, 2012.

8. As established by the affidavit of the Funds' Field Representative, Jim Fosco, which is attached hereto as Exhibit 8, a report covering the period from January 1, 2011 to April 2, 2011 prepared by Mr. Fosco, based on certified payroll information provided by The George Sollitt Construction Company, indicates that principal contributions are owed to the Welfare, Pension, Training, LECET, LDCLMCC, WGC, Funds and for Union dues in the amount of $14,205.69.

5. Liquidated damages and interest are due as established by paragraphs 4 and 5 of Mr. Fosco's affidavit. Liquidated damages are owed in the amount of $2,750.87, with respect to the contribution amounts set forth in Mr. Fosco's report. Interest is also owed. In this matter, interest has been calculated by Mr. Fosco through April 9, 2012 in the amount of $1,808.78.

6. As established by Paragraph 6 of Mr. Fosco's affidavit, the penalties in the amount

of $935.64 have been assessed against Water's Edge Technology, LLC.

7. As required by the collective bargaining agreement, all employers are required to procure, carry and maintain a surety bond in an amount that is satisfactory to the Union. This bond must be in excess of $5,000.00 to guarantee the payment of wages, Pension and Welfare Trust Contributions during the term of the Agreement. Plaintiffs request that defendants, within 60 days of the date of this judgment order, provide written proof that the Company has obtained such a surety bond to plaintiffs' counsel, Karen I. Engelhardt, Allison, Slutsky & Kennedy, P.C. , 230 W. Monroe Street, Suite 2600, Chicago, IL 60606. Plaintiffs further request that this court order defendants to submit remittance reports and contributions for November 4, 2010 to the present.

8. Plaintiffs are entitled to attorneys' fees and costs under ERISA, 29 U.S.C.§1132(g)(2)(B). The affidavit of Karen I. Engelhardt, attached hereto as Exhibit 9, establishes the amount of attorneys' fees incurred in this matter for the period from May 12, 2011 through April 9, 2012 as $8,825.00, and Plaintiffs' costs as $1,279.00.

**WHEREFORE,** Plaintiffs request entry of a judgment against Water's Edge Technology, LLC, and Gary Deaton, in his individual capacity, in the amount of $29,804.98 as well as an order for a surety bond and an order requiring the Company to report and pay contributions for the period from November 4, 2010, through the present.

Respectfully submitted,

/s/ Jason McGaughy
One of plaintiffs' attorneys

ALLISON, SLUTSKY & KENNEDY, P.C.,
230 W. Monroe Street Suite 2600
Chicago, IL 60606
(312) 364-9400

April 9, 2012